### STATE OF LOUISIANA *v.* ORLEANS NAVIGATION Co. et al.

### ALFRED HENNEN, Opponent.

Where a creditor and stockholder of a company pursued a course of conduct which was calculated to mislead the Commissioners, and which was unjust to the stockholders, creditors, and other parties in interest; and where he had it in his power to make known his objections and have them settled before a sale of the property—but instead of doing so stands by and permits the sale to proceed, he will not be allowed to oppose it after important rights are acquired. It is not enough that such a creditor threatened at the sale to oppose it, in a voice sufficiently loud to be heard by persons present. It was his duty to state the nature of his objections, or his quality as a stockholder or creditor.

The power to appoint a liquidating commissioner of the Orleans Navigation Co. was given by the Legislature to the Court in which the suit for forfeiture of its charter was instituted; the power to fill a vacancy in the office is necessarily implied in the general power to appoint. The constitutional power of the Supreme Court being merely appellate, except in certain specified cases, it is disqualified to make the appointment in question even if the Statute were silent.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Alfred Hennen*, for opponent and appellant. *Benjamin, Micou & Finney, L. Hunton, Thos. Allen Clarke, Garnett Duncan, E. H. Durell*, for the other parties in interest.

SLIDELL, C. J. This was originally a suit instituted by the State against the Orleans Navigation Company for a forfeiture of its charter. While the cause was pending in the Supreme Court, the Legislature, anticipating a final decree of forfeiture, passed an act providing for the liquidation of its affairs, in the event of such a decree. Acts of 1852, p. 209. The act authorizes the Court in which the suit was pending, if a final decree of forfeiture should be made by the Supreme Court, to appoint a liquidating commissioner, who should forthwith proceed to take possession of the entire property of said company, and proceed to sell the same in block, at auction, after sixty days advertisement, to the highest bidder, payable one-tenth cash, and the remainder in equal annual instalments from one to twenty years.

The second section makes it the duty of this commissioner, immediately after the sale, to present a tableau, showing the amount of the sale, and receipts from all other sources—and the expenses of the commission and the amount of debts—and they are to be first paid—and that the surplus shall be paid to the stockholders, and that all the proceedings, "shall be the same, as near as may be, as in cases of insolvency of individuals."

The fourth section provides, that if the purchasers shall organize themselves into a corporation for twenty-five years, for the purpose of making certain extensive improvements, and actually complete them in three years, they shall be

entitled to "all such tolls and revenues for the use of said canal, bayou and road, as the Orleans Navigation Company was entitled to receive under its charter."

The fifth section requires the corporation to be formed under it to give a bond of $50,000, to secure the completion of the improvements within three years.

The sixth section provides for a forfeiture of all work done, and money expended, if the work is not completed in a specified time.

It will be observed that by the act the purchaser was to enjoy, under certain conditions, franchises formerly enjoyed by the company, but lost by its forfeiture; and that in a spirit of beneficence to the creditors and stockholders, the Legislature gave them the entire proceeds of sale, which we may reasonably suppose were materially enhanced by such a provision.

The commissioner proceeded to make a sale pursuant to the Statute, and one *Corrie* became the purchaser at a total price of $69,000. He subsequently assigned his interest to a new company formed under the title of "The Orleans Navigation Company." The commissioner then filed a tableau of distribution, proposing to distribute the proceeds received from the sale among the creditors of the defunct corporation. *Alfred Hennen*, who is both a stockholder and creditor, filed an opposition in which he asserted the unconstitutionality of the Statute, and the consequent invalidity of the sale made pursuant to it; and asked that the sale be adjudged void. At his request, the asssignee of the purchaser was made party.

The view we have taken upon another point dispenses us from the necessity of discussing the constitutionality of the Statute.

The appellant, *Hennen*, was cognizant of the decree of forfeiture, the appointment of the commissioner, and the order of sale. Before the sale he prepared a petition asserting the unconstitutionality of the law, making the objections to the validity of the sale, which he now urges, and praying for an injunction. This petition he exhibited to the liquidating commissioner, who accepted service. Instead of filing it and asking an injunction, the appellant quietly retained it in his possession, and nothing more is heard of it until produced by him at the trial of the opposition to the tableau of distribution. This course of conduct was calculated to mislead the commissioner, and was unjust to the stockholders, creditors, and other parties in interest, who if their petition had been filed would have been put on their guard, and could have had these questions settled before the sale. The appellant has put himself in the inequitable attitude of standing by, permitting the sale to proceed, taking the chances, and now opposing it after important rights have been acquired, and all other parties, the commissioner, the stockholders, the creditors and the purchasers, are satisfied with the result.

It is said by the appellant that he gave warning at the auction. The evidence on this subject does not relieve the appellant from the consequences of his previous course. It appears from the testimony of the auctioneer that Mr. *Hennen* spoke to him before he began the sale, and forbade him to sell, saying he would oppose it in a voice sufficiently loud to be heard by the persons present, but it does not appear that he made any statement of the nature of his objections or his own quality as a stockholder or creditor. For aught that appears to the contrary, he was a mere intruder.

STATE OF LA.
v.
ORLEANS NAVIGA-
TION COMPANY.

It is proper to add that there is neither allegation nor proof that a new sale would result in an increased price, nor is there reason to believe that any real hardship has been sustained by the appellant.

Judgment affirmed with costs.

BUCHANAN, J. The appellant has suggested the death of *Jacob S. Halsey*, the liquidating commissioner of the Orleans Navigation Company, and has moved this Court for the appointment of another liquidating commissioner, or for such mandate in the premises, to the Court below, as the law may require.

The appellee has answered the rule by suggesting that the District Court has already taken action in the matter, as it is authorized by law to do, and has appointed a successor to Mr. *Halsey*.

The proceedings for the liquidation of the Orleans Navigation Company are carried on under the act of the Legislature of the year 1852, No. 309. · The first section of that act makes it the duty of the Court in which the suit for forfeiture of its charter was instituted, to appoint a liquidating commissioner. The power to fill a vacancy in that office is necessarily implied in the general power to appoint. Besides, the constitutional jurisdiction of this Court being merely appellate, except in certain specified cases, we should view ourselves as disqualified to make the appointment in question, even were the statute silent on the subject. We think with the counsel of the appellees, that the Fifth District Court, in appointing a successor to the deceased commissioner, has done what was proper and necessary in the premises; and it becomes, there-fore, unnecessary to direct any mandate to that Court in furtherance of our appellate jurisdiction.

It is ordered, adjudged and decreed that the rule taken in this case by the opponent and appellant be dismissed with costs.